**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-33ML |
| | * | |
| | * | |
| WILLIAM CHRISTENSEN | * | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION FOR PERMISSION TO TRAVEL OUT OF STATE**

The defendant has filed a Motion for Permission to Travel Out of State. For the reasons stated below, the government objects.

The government objects primarily on general legal grounds. In passing section 216 of the Adam Walsh Child Protection and Safety Act of 2006 (Pub. L. 109-206, effective July 27, 1996), Congress amended the Bail Reform Act, mandating that electronic monitoring be imposed as a condition of release in any case of alleged child exploitation.[1] 18 U.S.C. §3142(c)(1). The

[1] 18 U.S.C. §3142(c)(1) now reads:

> In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

defendant here is charged with violations of both 18 U.S.C. §2422 and 2423, and so was subject to the new requirements.[2] Consistent with this new statutory mandate, at Chrisensen's arraignment Magistrate Judge Martin ordered that the defendant be placed on home confinement with electronic monitoring with the only exceptions being travel outside the home to see his attorney, for medical appointments, and to attend religious services.[3] Various other conditions were also imposed, including that he not have contact with minors, and that he not access the internet.

The nature of home confinement is just that: it is meant to be *confinement*, albeit a less harsh form than detention in a corrections facility. The purpose behind the electronic monitoring requirement is self-evident: Congress imposed it to enhance the security of the community from child predators. Allowing any defendant to engage in out-of-district overnight

---

[2] The statute also added child exploitation offenses to the list of crimes for which a presumption of detention holds. 18 U.S.C. §3142(e). Here, however, the defendant's individual circumstances overcame that presumption. The government did not seek detention.

[3] That the Adam Walsh Act made electronic monitoring mandatory in all child exploitation cases has not been without controversy. Since the defendant's arraignment in this case, the government has learned of one case where a district court has held this provision of the Act unconstitutional. United States v. Crowell, 2006 WL 3541736 (W.D.N.Y., December 07, 2006) (New bail provisions added to 18 U.S.C. §3142(c)(1) by the Adam Walsh Act violate the Excessive Bail clause, procedural due process, and separation of powers).

travel contradicts this intent of Congress: what is the point of imposing electronic monitoring if the defendant is allowed to travel in such a manner? Also, allowing such travel would also make it near-impossible for Pretrial Services to enforce the Court's home confinement conditions (e.g., no contact with minors, no internet access).

One can imagine that there might be serious circumstances which might justify the kind of travel sought here (e.g., to attend the funeral of an immediate family member), but the defendant has not presented a compelling reason why such extraordinary travel should be allowed. For these reasons, his motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2007, a copy of the within Government's Objection to Defendant's Motion for Permission to Travel out of State was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Jeffrey B. Pine, Esq.
jbp@pinelaw.com, llk@pinelaw.com
321 South Main Street
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov