**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-33ML |
| | * | |
| WILLIAM CHRISTENSEN | * | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

The defendant has moved to compel the government to provide a complete copy of any and all forensic analyses of the defendant's computer that have been conducted by law enforcement in this case. The government responds that it has provided the defendant all written reports relating to the analysis of the defendant's computer, has provided a summary of additional findings which agents have not reduced to writing, and is providing today an internet browsing history spreadsheet, as well as copies of 19 emails which were recovered from the computer. At present, there is nothing else to provide the defendant, but the government is aware of its continuing duties under both Fed. R. Crim. P. 16 and the Brady doctrine.

Factual Overview. In May 2006, a civilian complained to the Rhode Island State Police (RISP) that a man was soliciting minors online for sex. The solicitation was taking place in a Yahoo chat room. During the chats, the defendant sent pictures of himself and of his genitals. With the consent of the complainant, RISP Detective Kenneth Bell assumed the complainant's online identity,

"AnnMarie1414," and engaged in online conversations with the defendant, whose online name was "tanstafl49new," but who had also identified himself as "Bill." Det. Bell posed as AnnMarie, a 15-year-old girl. Det. Bell saved copies of the transcripts of his conversations with "tanstafl49new." During the conversations, the defendant arranged to meet "AnnMarie," stating that he would "teach you the joys of your body." He then described various sexual acts they could engage in, including "f***ing, if you get turned on enough." He stated that "if we get to having sex, I will have condoms."

Detective Bell made arrangements to meet "tanstafl49new" on the morning of May 17, 2006. "Tanstafl49new" stated he would arrive in an hour in a red Subaru Forrester. About an hour later, the defendant appeared at the prearranged location in East Providence. He was driving a red Subaru Forrester. After he got out of his car, detectives approached him. The defendant stated he was just there to see his friend, "Ann Marie." The defendant had condoms in his coat pocket.

Thereafter, the defendant consented to a search of his car and his home in Southborough, Massachusetts. There, RISP detectives seized a Gateway home computer. Det. Bell sought and obtained a search warrant for the computer itself. As per his computer forensics training, Det. Bell made an exact image of the hard drive of the defendant's computer. Using various tools to

search the hard drive, Det. Bell found various pieces of evidence which were relevant to the investigation, including the images received by the complainant, bits of text from the chats which remained on the computer,[1] and driving directions from the defendant's home in Massachusetts to the East Providence meeting location.

Further, and unbeknownst (at the time) to Det. Bell, on May 13, 2006, the defendant, again using the screen name "tanstafl49new," attempted to entice another minor online. The minor the defendant solicited was another Yahoo user in Massachusetts, who went by the screen name "Melissaqt1995." Melissaqt1995 was actually a Plymouth County, Massachusetts Deputy Sheriff posing as a 13-year-old girl. The defendant had solicited Melissaqt1995 for sex. During his search of the defendant's computer, Det. Bell found various pieces of evidence related to this offense as well, including the picture of Melissaqt1995 used by the Massachusetts detective, and bits of chat conversations

[1] The transcripts, or logs, of chats engaged in by Yahoo members using Instant Messaging (IM) technology are not saved on the hard drive, unless the user specifically chooses that setting. The defendant's computer was not set to save the conversations. However, sometimes fragments of these conversations can be found in what is called a "swap" file. Using a targeted search technique, Det. Bell found several of these fragments, which matched up with portions of the transcripts of the chats which had been previously saved by both Det. Bell and the civilian complainant.

that he engaged in with Melissaqt1995.[2]

Forensics Examination Already Provided in Discovery. On April 24, 2007, in its initial response to discovery, the government provided the defendant with a 23-page Computer Forensics Examination Report. This report details the forensic examination performed on the defendant's computer by a member of the Rhode Island State Police Computer Crimes Unit. The Report details the methodology used to search the computer, and the relevant evidence which was discovered on it. It displays relevant images and their creation dates. Also, the forensic examiner found various text files which confirm that the computer used by tanstafl49new was the defendant's. A redacted[3] copy of the Report is attached as Exhibit 1.

Present Status. Based on representations made by the defendant's counsel during plea negotiations, the government offered to have agents further examine the defendant's computer for evidence which might be in mitigation of sentencing.[4]

---

[2] On December 4, 2006, the defendant pled guilty to Massachusetts state charges of Disseminating Obscene Material and Enticing a Child Under 16, and received a two and one-half year suspended sentence.

[3] The Report contains several images of the defendant's erect penis which he sent to undercover officers investigating this matter. As those images are not necessary to the resolution of the instant Motion, they are being redacted from the attachment. Obviously, the unredacted Report is available to the Court.

[4] The defendant's position was essentially that the defendant's criminal behavior - seeking sexual encounters with

At the pretrial conference, the government did offer that it believed agents could analyze the computer on the issues raised by the defense within one week. Unfortunately, this proved incorrect. For example, one of the tasks the undersigned gave the agents was to search for and analyze the defendant's web browsing history to determine if there were other occasions on which the defendant had sought to chat with minors. To do this task, agents recently created a spreadsheet detailing the defendant's internet browsing history. That spreadsheet is being provided to the defendant (separate from this Response). The agents were only able to gather this history back to October 11, 2005, approximately seven months prior to the arrest in this case. The spreadsheet details 4784 web page visits during that time. Of those, agents estimate that approximately 900 are Yahoo profiles, primarily of females.[5]

Agents have been sifting through these profiles, in order to determine how long-standing the defendant's interest in minor girls has been. To date, they have not found any other profiles of minors on the defendant's computer (excluding annmarie1414,

---

minors - as charged here and in the Massachusetts state case, was the result of various stressors and was an aberration limited to an approximate one-week period (May 11-17, 2006).

[5] A Yahoo Profile page is where a user provides basic information about herself, and often a photograph, so that those who are seeking to meet others might have a handy "summary" of that person's age, location, marital status, hobbies, etc.

melissaqt1995, and ksgirl144). However, as of this date, agents have not gone through each profile visited online by the defendant, given the time such a task takes. Nor have agents yet found any text fragments which might indicate that the defendant engaged in chat sessions with other minors; however, they are continuing to search for such evidence.[6] These findings were relayed orally to defense counsel prior to his filing the instant Motion to Compel. Agents have not yet put these findings into writing. Should they do so, such report will be provided to the defense forthwith.

In sum:

- The defendant was provided with a copy of the Computer Forensics Examination Report which relates to the allegations in this case;

- At present, the defendant is in possession of all written reports (including the Excel spreadsheet being provided today) relating to the analysis of the defendant's computer subsequent to the initial Computer Forensics Report;

- The government had previously orally informed counsel (and does so in writing through this response) of the fact that investigators had not found as of yet any additional indication on the defendant's computer that he had previously solicited minors on the internet.

Conclusion. Through its provision of the Computer Forensics Examination Report (as well as all other discovery provided to

[6] Although the defendant's computer used a relatively small (4 gigabyte) hard drive, searching even that size usually must be done with targeted searches which reference various facts in an investigation.

date), the negative findings to date re soliciting additional minors, and the provision of the web browsing history spreadsheet, the government has complied with its obligations under Rule 16, the Court's pretrial discovery order, and the Brady and Giglio doctrines. The government is also aware of its continuing duty under the Court's rules, and will comply with that obligation.

Unfortunately, the task of answering the question posed to the agents (at the instigation of both parties) has taken longer than expected. Also, the parties have been engaged in good faith negotiations to try to resolve this matter. Therefore, by separate response, the government will not object to the Defendant's Request to Extend Deadline for Filing Motions. Obviously, should that Motion be granted, the government will not object to a further continuance of the trial date, should the defendant seek one.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2007, a copy of the within Government's Response to Defendant's Motion to Compel was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Jeffrey B. Pine, Esq.
jbp@pinelaw.com, llk@pinelaw.com
321 South Main Street
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov